UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| FRANCINE KOKENIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: _______________ |
| | ) | |
| LAVELLE LAW, LTD., MATTHEW J. SHEAHIN, and JAMES D. VOIGT, | ) | |
| | ) | |
| Defendants. | ) | |

---

**NOTICE OF REMOVAL**

---

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, defendants herein, LAVELLE LAW, LTD., MATTHEW J. SHEAHIN, and JAMES D. VOIGT, hereby remove to the United States District Court for the Northern District of Wisconsin, the state court action, Case No. 2017 L 002785 in the Circuit Court of Cook County, Illinois, described below. The basis for removal is diversity jurisdiction pursuant to 28 U.S.C. § 1332:

## I. INTRODUCTION

1. Plaintiff, Francine Kokenis, filed her complaint alleging causes of action for legal malpractice on March 16, 2017. (See Plaintiff's Complaint at Law, attached hereto as Exhibit 1.)

2. Defendant, Matthew Sheahin, was purportedly served with a summons on April 7, 2017. (See Declaration of Jeremy N. Boeder, attached hereto as Exhibit 2, para. 2.)

3. Defendant, James D. Voigt was purportedly served with a summons on April 10, 2017. (See Exhibit 2, para. 3.)

4. Defendant, Lavelle Law, Ltd., was served with a summons on April 10, 2017. (See Exhibit 2, para. 4.)

5. All defendants, regardless of the propriety of service, appeared before the Circuit Court of Cook County on April 10, 2017. (See Exhibit 2, para. 5; and Appearance, attached hereto as Exhibit 3.)

6. This Notice of Removal is filed in a timely manner pursuant to 28 U.S.C. § 1446(b).

7. The United States District Court for the Northern District of Illinois has jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. Pursuant to 28 U.S.C. § 1446(a), a copy of the electronic docket detailing all of the processes, pleadings, orders and papers or exhibits filed in the Circuit Court of Cook County, Illinois is attached to this Notice as Exhibit 4.

9. Venue is proper in this District, under 28 U.S.C. § 1446(a), because this District covers the place in which the removed action is pending.

10. Written notice of the filing of the Notice of Removal will be promptly served on Plaintiff's counsel and a copy will be filed promptly with the Circuit Court of Cook County, Illinois pursuant to 28 U.S.C. § 1446(d). (See copy of the Notice of Filing of this Notice of Removal to Federal Court, attached hereto as Exhibit 5.)

## II. DIVERSITY OF CITIZENSHIP EXISTS

11. Pursuant to 28 U.S.C. § 1332(a)(1), diversity of citizenship exists because the Plaintiffs and Defendants are citizens of different states. As set forth below, diversity of citizenship exists because: (a) Plaintiff Kokenis is a citizen of California; (b) Defendant LaVelle Law is a citizen of Illinois (incorporated) and its principal place of business is in Palatine, Illinois

and (c) Defendants Matthew J. Sheahin and James D. Voigt are citizens of Illinois. (See Exhibit 2, paras. 7, 8 and 9.)

9. Citizenship and the removability of an action is determined at the time the removal petition is filed. *In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 380 (7th Cir. 2010); *In re Shell Oil*, 970 F.2d 355, 356 (7th Cir. 1992).

**A. Plaintiff is a Citizen of Illinois**

10. For purposes of federal diversity jurisdiction, the state citizenship of a natural person is determined by the state where the person is domiciled, meaning the state where the person is physically present with the intent to remain there. *See Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996); *Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993). In determining domicile, courts look to a variety of factors such as current residence, location of belongings and personal property, voter registration, driver's license and vehicle registrations among other things. *24 Hour Fitness USA, Inc. v. Bally Total Fitness Holding Corp.*, 2008 U.S. Dist. LEXIS 84374, at *11 (N.D. Ill. October 21, 2008) (citing *Sadat v. Mertes*, 615 F.2d 1176, 1181 (7th Cir. 1980)).

11. Plaintiff Francine Kokenis's complaint alleges that she resides in the State of California. (See Exhibit 1, par. 1). Defendants' investigation reveals that she resides at 3652 Mandeville Canyon Road, Los Angeles, California. (See Exhibit 2, par. 6).

**B. Defendants are Citizens of Illinois**

12. The three defendants are citizens of different states than the single plaintiff, and thus complete diversity exists.

13. Defendant Matthew J. Sheahin resides at 1171 Champion Forest Ct., Wheaton, Illinois. (See Exhibit 2, par. 8).

14. Defendant James D. Voigt resides at 3302 Charlemagne Lane, St. Charles, Illinois. (See Exhibit 2, par. 9).

15. For diversity purposes, the citizenship of a corporation is the state where the corporation is incorporated and the state where the corporation has its principal place of business, meaning the state where the corporation maintains its headquarters or "nerve center." *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-95, 175 L. Ed. 2d 1029 (2010); *CCC Info. Servs., Inc. v. American Salvage Pool Ass'n*, 230 F.3d 342, 346 (7th Cir. 2000); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981).

16. Defendant Lavelle Law, Ltd. is incorporated in Illinois and its principal place of business is in Palatine, Illinois. (See Exhibit 2, para. 7).

## III. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

17. Federal diversity jurisdiction also requires that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008).

18. It is apparent from the face of the complaint that Plaintiff is seeking in excess of $75,000, meaning that the amount in controversy exceeds $75,000.

19. In the *ad damnum* clause at the conclusion of Plaintiff's Complaint at Law, Plaintiff seeks judgment "for a sum in excess of $5 million, including costs and reasonable attorneys' fees...." (Exhibit 1, *ad damnum* clause, p. 5). Although, under Illinois law, attorney fees are not recoverable in a legal malpractice lawsuit, *Sorenson v. Fiorito*, 90 Ill.App.3d 368, 371-72 (1st Dist. 1980), it is clear from the face of the complaint that, even absent Plaintiff's prayer for "costs and reasonable attorneys' fees," the amount in controversy exceeds $75,000.

(See Exhibit 2, para. 10). There is simply no way that Plaintiff is seeking over $4.9 million or more in costs and attorneys' fees. (See Exhibit 2, para. 10).

20. Accordingly, the amount in controversy in this litigation clearly exceeds $75,000.00.

WHEREFORE, further proceedings in this action should be discontinued, and this action shall be removed to the United States District Court for the Northern District of Illinois.

Respectfully submitted,

TRIBLER ORPETT & MEYER, P.C.

s/ Jeremy N. Boeder
One of defendants' attorneys

Jeremy N. Boeder – ARDC # 6285771
TRIBLER ORPETT & MEYER, P.C.
225 West Washington Street, Suite 2550
Chicago, Illinois 60606
(312) 201-6400

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Defendant's Notice of Removal was served upon:

Dmytro Kurywczak
Oleksiuk & Associates, P.C.
422 E. Palatine Rd.
Palatine, IL 60074
bgoleksiuk@gmail.com

by sending a copy by regular and electronic mail to the above-named attorney or party of record at the address listed above on the 4th day of May, 2017.

s/ Jeremy N. Boeder
an Attorney